IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| CHARLES TALBERT, | 1:24-CV-166-RAL |
| Plaintiff | SUSAN PARADISE BAXTER<br>United States District Judge |
| v. | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| DEPARTMENT OF CORRECTIONS, et al., | REPORT AND RECOMMENDATION |
| Defendants | |

I. Recommendation

It is hereby recommended that Plaintiff's claims against Defendant Genece Brinkley, a judge on the Court of Common Pleas of Philadelphia County, be dismissed pursuant to 28 U.S.C. § 1915(e).

II. Report

A. Background

Plaintiff Charles Talbert initiated this action in the Court of Common Pleas of Forest County. After the action was removed to this Court, Plaintiff filed an Amended Complaint, the currently operative pleading. ECF No. 24. Among other things, Plaintiff attempts to add Judge Brinkley to this action as a defendant based on events that took place during Plaintiff's criminal sentencing in state court. ECF No. 24 ¶¶ 18-25. According to Plaintiff, Judge Brinkley heard Plaintiff's attorney inform him that he would receive "time credited towards his 3 ½ to 7 year sentence. *Id.* ¶ 23. Brinkley "did not dispute" the attorney's statement. *Id.* Brinkley also imposed "mental health treatment," "drug treatment, anger management, and job training as a

1

condition to Plaintiff's state sentence." *Id.* ¶¶ 24-25. Plaintiff contends that Brinkley illegally failed to credit him with the time that he served in custody prior to sentencing and that the remaining Defendants have failed to provide him with the recommended court-ordered treatment programs. *See, generally*, ECF No. 24.

B. Standard of review

Because he is seeking leave to proceed *in forma pauperis*, Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e).[1] Among other things, that statute requires the Court to dismiss any action in which the Court determines that the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Muchler v. Greenwald*, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015). A frivolous complaint is one which is either based upon an indisputably meritless legal theory (such as when a defendant enjoys immunity from suit) or based upon factual contentions which are clearly baseless (such as when the factual scenario described is fanciful or delusional). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The determination as to whether a complaint fails to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

C. Analysis

"It is a well-settled principle of law that judges are generally immune from a suit for money damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3rd Cir. 2000) (internal quotations

---

[1] Because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997).

2

omitted). Such immunity can only be overcome if the judge's actions are "nonjudicial in nature, or where such actions, while judicial in nature, are taken in the complete absence of all jurisdiction." *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp.2d 672, 695 (W.D. Pa. 2009) (internal quotation omitted). Plaintiff's allegations concern actions taken by Judge Brinkley while presiding over a criminal proceeding in the Philadelphia County Court of Common Pleas, and each of the alleged actions – such as conducting the hearing and imposing sentencing conditions – is a fundamental judicial act that falls squarely within the jurisdiction of a Pennsylvania common pleas judge. *See, e.g.*, 42 Pa. Cons. Stat. § 931(a) ("the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas"); *Figueroa v. Blackburn*, 208 F.3d 435, 443 (3d Cir. 2000) (explaining that the act of ordering a person to prison is a "paradigm judicial act"); *Muhammad v. Cappellini*, 2013 WL 1249029, at *3 (M.D. Pa. Mar. 27, 2013) (judicial acts include issuing orders, making rulings, and conducting hearings). Accordingly, Talbert's claims against Judge Brinkley are barred by the doctrine of absolute judicial immunity and dismissal is appropriate.

III.    Conclusion

For the foregoing reasons, it is respectfully recommended that all claims against Judge Brinkley be dismissed action pursuant to 28 U.S.C. § 1915(e) and that the Clerk of the Court be directed to terminate Judge Brinkley as a Defendant in this action .

IV.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the

Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto. *See* Fed.R.Civ.P. 72(b)(2). Extensions of time will not be granted. Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 26th day of August, 2024.

SUBMITTED BY:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE