IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES TALBERT, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:24-cv-166-SPB-RAL |
| | ) |
| v. | ) |
| | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This prisoner civil rights action was removed to this Court from the Forest County Court of Common Pleas on June 12, 2024. Plaintiff Charles Talbert is an inmate currently housed at the State Correctional Institution at Fayette. His *pro se* Amended Complaint, filed on August 7, 2024, is the operative pleading in this case. ECF No. 24. Therein, Plaintiff identifies twelve Defendants whom he claims engaged in fraud and conspiracy and violated his rights under the Americans with Disabilities Act, the Rehabilitation Act, and the Eighth and Fourteenth Amendments to the U.S. Constitution.

This matter has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72(b). On August 26, 2024, Chief Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") in which he recommended that this Court dismiss Plaintiff's claims against Judge Genece Brinkley, because any claims against Judge Brinkley are barred on the basis of absolute judicial immunity. ECF No. 30.

On September 5, 2024, Plaintiff filed his "Conditional Concurrence with Report and Recommendation." ECF No. 35. Plaintiff does not appear to oppose the dismissal of his claims against Judge Brinkley; however, he states that

> the Court should deny the DOC Defendants' argument of "improper joinder" in their Motion to Dismiss (Doc. 18), and Wellpath's Opposition to Plaintiff's Motion to Consolidate in Case No. 1:23-cv-00260 (Doc. 158), as the remaining Defendants in the instant case and other cases before the Court have a common question of both law and fact. The instant case involves issues of "arbitrary governmental procedures that violate due process." All 3 [1] cases involve federal funds intended to be used for the Commonwealth's criminal justice system. Thus, it would clearly be beneficial to the Court and all parties in all 3 cases to have all 3 cases formed as one case so that the issues do not overlap with one another and cause confusion.

ECF No. 35 at 1-2.

For present purposes, the only matter which the Court need address is the dismissal of Plaintiff's claims against Judge Brinkley on grounds of judicial immunity. The Chief Magistrate Judge's recommendation on that point is plainly correct. The other legal issues raised by Plaintiff in his "Conditional Concurrence" will be addressed by the Court in due course in separate rulings.

Accordingly, after *de novo* review of the operative pleading and documents in the case, along with the Chief Magistrate Judge's Report and Recommendation [30] and Plaintiff's filing in response thereto [35], the following order is entered:

NOW, this 11th day of October, 2024, IT IS ORDERED that the Plaintiff's claims against Defendant Genece Brinkley, as set forth in the Amended Complaint [16], shall be, and hereby are, DISMISSED as legally frivolous pursuant to 28 U.S.C. §1915(e) insofar as the claims are barred by the doctrine of absolute judicial immunity.

---

[1] Although Plaintiff's filing references only Case No. 1:23-cv-260 (W.D. Pa.), the Court notes that Plaintiff also filed a civil action at Case No. 1:24-cv-122 (W.D. Pa.), styled as *Talbert v. Irwin, et al.*

2

IT IS FURTHER ORDERED that the Court's dismissal of the aforementioned claims are without leave to amend, as the claims cannot be rehabilitated through further amendment.

IT IS FURTHER ORDERED that the Report and Recommendation of Chief Magistrate Judge Lanzillo, issued on August 26, 2024, [30], is adopted as the opinion of this Court.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge